## Dodds *v.* Stoddard and others.[1]

*(Circuit Court, S. D. Ohio, W D. July, 1883.)*

1. PATENTS FOR INVENTIONS—HORSE RAKES—CONSTRUCTION.

Letters patent No. 65,573, granted J. M. Wanzer, assignee of James Hollingsworth, June 11, 1867, for an improvement in horse rakes, *held invalid for want of novelty* as to the *first* claim, and *not infringed* as to the *second, third,* and *fourth* claims.

1 Re orted by Herbert D. Blakemore, Esq., of the Cincinnati bar.

2. SAME—DEVICES DISTINGUISHED.

Complainant's mechanism consisting of tubular oscillating rake-teeth bearings, with three passages at right angles, formed to *abut* directly against each other; bearings for supporting the front ends of the teeth, having sliding pins with eyes, sustained upon springs and playing in guides above and below said eyes, and combinations of these tubular and eye-bearings, with rake teeth of a double-curved form, rocking-frame and arms of a horse rake, in view of the state of the art, *held, not infringed* by defendant's rake, in which the tubular bearings do not abut directly against each other, but are spaced by rings or washers, where the front end of the teeth are supported in tubular guides, sustained by springs, and play freely through slots in such guides, and having combinations of these tubular bearings and guides, rake teeth of the double-curved form, and rocking-frame.

3. SAME—TUBULAR BEARINGS OF FORM TO ABUT ANTICIPATED BY BEARINGS OF SAME FORM THOUGH NOT ABUTTING.

The first claim for tubular bearings of a form to abut against each other, *held, anticipated* by tubular bearings, which, though they are not shown nor described as so abutting, might, without any change of construction, have been made to abut against each other.

In Equity. Final hearing upon pleadings and proofs.

*Parkinson & Parkinson,* for complainant.

*Stem & Peck,* for defendants.

SAGE, J. The complainant sues for infringement of a patent for improvement in horse rakes, granted to his assignor, J. M. Wanzer, assignee of James Hollingsworth, the inventor, June 11, 1867. The defendants admit that since February 2, 1881, they have made hay rakes substantially in accordance with expired patent No. 41,433, granted to James Hollingsworth, February 2, 1864, and allege that they have added thereto several minor improvements, the invention of the defendant E. Fowler Stoddard. They deny the validity of the letters patent sued upon, and say that said Hollingsworth was not the original or first inventor of the alleged improvements therein described, and that said alleged improvements do not constitute a patentable invention, and that they are not novel; and they further say that they were described and shown in letters patent named and described in the answer, long prior to said alleged invention of said Hollingsworth.

The patentee's claim in the patent sued on is:

(1) For the construction of a rake-tooth bearing, (which is described in the specifications as an oscillating tubular bearing, constructed with three passages through it, and constituting a means for attaching a tooth to a bar so as to articulate thereon, and also a means whereby the tooth can readily be attached or detached at pleasure, and adjusted forward or backward, according to the character of the ground over which the rake is to be drawn,) with three passages at right angles to each other, when said bearings are of a form to abut directly against one another, and the teeth extend clear through the top passages of the bearing, substantially in the manner and for the purposes described.

(2) The construction of eye-bearings for supporting the rake teeth at their front ends; each bearing holding a spring, substantially as described.

This part of the alleged invention, as set forth in the specifications, consists in sustaining the front ends of the rake teeth by means

of sliding pins, having eyes formed on them for receiving the ends of the teeth, said pins being sustained upon springs, and supported in guides above and below their eyes, in such manner as to form supports for the teeth against lateral displacement; also to afford the teeth an additional spring action to hold them down to their work, and allow them to rise and pass over obstructions which may be in their path.

(3) The combination of the jointed bearings (described in first above) and eye-bearings (described in second above) with a rake tooth of the form substantially as in the letters patent described.

The rake tooth is described in the specification as having a gradual curve from the rear to the forward supporting bar, which feature, in conjunction with a set-screw on the middle bearing,—the tubular bearing,—allows the tooth to be adjusted backward or forward, whereby one set of teeth can be adapted for level land, or for rough and uneven land, and for heavy and light raking.

(4) The combination of the tubular bearings above described with set-screws, (the holes for receiving the set-screws being perpendicular to the tooth, so that the screw serves to secure the tooth rigidly to the bearing, and to admit of its forward or backward adjustment,) the rocking-frame with its arms, and the eye-bearings (described in second above) with their springs, substantially in the manner and for the purposes described.

The hay rake which the defendants admit they have manufactured since February 2, 1881, and which, it is claimed, is an infringement of the patent sued upon, has—

(1) An oscillating tubular rake-tooth bearing, constructed with three passages through it at right angles to each other, and constituting a means for attaching a tooth to a bar, so as to articulate thereon, and also a means whereby the tooth can readily be attached or detached at pleasure, and adjusted forward or backward, according to the character of the ground over which the rake is to be drawn; and the tooth extends clear through the top passages of the bearing, substantially (indeed, it may be said, identically) in the manner and for the purposes described in the complainant's patent.

The tubular bearings in the defendants' rake are of the same shape, form, and construction as the tubular bearings in the complainant's rake. But in the defendants' rake these bearings do not abut directly against each other, as do the tubular bearings in the complainant's rake, but they abut against metal rings or washers, which space the distances between them.

(2) The defendants' rake has eye-bearings for supporting the rake teeth at their front ends, each bearing holding a spring. The eye-bearings in the defendants' rake differ in form from those described in the complainant's patent, in that they consist of a tube having a slot or elongated opening, in its two opposite sides, of the proper size to permit the front end of the rake tooth to be inserted and pass through the slots, and play freely up and down in the tubular guide.

(3) The combination of the tubular bearings with the rings or washers, above described, and eye-bearings, (as above described,) and a rake tooth substantially of the form of the rake tooth described in the letters patent under

which the complainant claims. There is no appreciable difference between the tooth in the defendants' rake and that in the complainant's.

(4) The combination of the tubular bearings, separated or spaced by rings or washers, as above described, with set-screws, (the holes for receiving the set-screws being perpendicular to the tooth, so that the screw serves to secure the tooth rigidly to the bearing and to admit of its forward or backward adjustment,) the rocking-frame with its arms, (which are substantially as in the complainant's rake,) and the eye-bearings, as above described, with their springs.

It is thus made clear that the only differences between the complainant's rake and that manufactured by the defendants are— *First*, that the tubular bearings in the defendants' rake do not abut directly against each other, as do the tubular bearings in the complainant's rake, but are separated or spaced by rings or washers, which fill the intervening spaces between the bearings; and, *second*, in defendants' rake the guides or eye-pieces of the eye-bearings are held stationary and the tooth plays up and down in the slots therein; while in complainant's rake the eye-piece, or guide, plays up and down with the tooth through holes in the bars.

The rocking-frame was not new at the date of the alleged invention described in the complainant's patent.

An oscillating tubular bearing, having three passages at right angles to each other, the tooth extending clear through the top passage of the bearing, and having a set-screw serving to secure the tooth rigidly to the bearing, and to admit of its forward or backward adjustment, was known and used before the date of said alleged invention, as were also guides, or eye-pieces, substantially the same as those used by the defendants.

The patentee of the complainant's rake, in his application for letters patent therefor, claimed the construction of a rake-tooth bearing with three passages at right angles to each other, as described in his specifications and as used in complainant's rake, and the commissioner of patents found that the claim was anticipated in the patent to Hollingsworth of February 2, 1864, whereupon the patentee accepted the decision of the commissioner, and modified his claim so as to make it apply when said bearings were of a form to abut directly against each other, as described in his application. He also claimed for adjusting rake teeth backward or forward when said teeth were constructed and supported by eye-bearings, substantially as described in his application, and the commissioner having found that this claim, too, was anticipated, the patentee erased said claim, and he is therefore estopped from making such claim, or from maintaining that the form of the tooth in the patent sued on is substantially different from that known and used before the date of his alleged invention.

The combination of tubular bearings, as in the complainant's rake, (excepting that they were not jointed,—that is, did not abut against each other,) and eye-bearings with a tooth substantially as described in the application for the patent sued upon, was anticipated in the

Hollingsworth patent of February 2, 1864, and the tubular bearings described in said patent are of a form to abut directly against one another. This is shown by defendant's exhibit, "Expired Hollingsworth Modifications." It is true that in that patent the tubular bearings are not described, nor are they shown by the model which is in evidence as abutting directly against each other, but their form is such that, without any change of construction, they might have been made to so abut; and the claim in the complainant's patent is for *the form* of the bearings.

In the defendant's rake the tubular bearings do not abut directly against one another. They are separated by metal rings or washers. If these rings or washers served no other purpose, it might well be insisted that they are only continuations of the tubular bearings, and are not deprived of any office or operation by being severed from them, instead of being made solid with them. But in the complainant's rake the tubular bearings differ in length, and have to be cast from different patterns on account of the end standards, and the arm or lever used for the purpose of stiffening the frame and strengthening the bars at the point where the power is applied for oscillating the frame. In the defendants' rake the tubular bearings are all of the same length. They may be cast from the same pattern, and are interchangeable, which is a great advantage to the manufacturer, and, in case of breakage, to the purchaser and user. The rings or washers serve to fill the spaces between the bearings, and obviate the necessity of having bearings of different lengths, which cannot be avoided if the bearings abut directly against each other. The introduction of the rings or washers is, therefore, an improvement; and, inasmuch as tubular bearings of a form to abut directly against one another are found in the expired Hollingsworth patent, the complainant's appeal to the doctrine of mechanical equivalents is not well taken.

It results that the defendants' rake is not an infringement of either of the combinations of the complainant's patent, and as the eye-bearing in defendants' rake is found substantially in the expired Hollingsworth patent, and the first claim in complainant's patent is anticipated, as already stated, in the expired Hollingsworth patent, there is no infringement of the first or second claims.

No questions depending upon the agreement of dissolution of partnership between the complainant and the defendant John W. Stoddard, referred to in the bill, can be considered in this court, for the reason that, the parties being citizens of Ohio, the state courts have exclusive jurisdiction, excepting of questions arising under the patent laws of the United States.

The bill must, therefore, be dismissed.